UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL HOWER,

Plaintiff, Hon. Jane M. Beckering

v. Case No. 1:23-cv-157

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.
_________________________________/

**REPORT AND RECOMMENDATION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

**STANDARD OF REVIEW**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019).

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

**<u>BACKGROUND</u>**

Plaintiff was 55 years of age on his alleged disability onset date. (PageID.23, 173). Plaintiff completed college and worked previously as a parts inspector, machinist, metal pattern maker, operations specialist, and drill sergeant.

(PageID.32, 46). Plaintiff applied for benefits on July 6, 2020, alleging that he had been disabled since March 13, 2020, due to back pain, knee pain, and post-traumatic stress disorder (PTSD). (PageID.23, 198).

Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, ALJ Edward Kristof, in an opinion dated December 23, 2021, determined that Plaintiff did not qualify for disability benefits. (PageID.23-63). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education,

and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from degenerative disc disease and facet arthritis of the lumbar spine, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.26-28).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) he can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; (2) during an 8-hour workday, he can stand/walk and sit for 6 hours each; and (3) he can never climb ladders, ropes, or scaffolds, but can occasionally engage in all other postural activities. (PageID.47-48).

A vocational expert testified that if Plaintiff were limited to the extent reflected in the ALJ's RFC, Plaintiff could still perform his past relevant work as a parts inspector. (PageID.32, 61-62). Accordingly, the ALJ determined that, because

Plaintiff could perform his past relevant work he was not entitled to disability benefits.

## I. Residual Functional Capacity

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").

Plaintiff argues that he is entitled to relief because the ALJ's RFC assessment is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ erred by failing to include in his RFC assessment "the mental limitations he found credible." As noted above, the Plaintiff's RFC assessment does not articulate any non-exertional limitations. Plaintiff argues that the ALJ erred because he found that he experienced non-exertional limitations yet excluded such limitations from his RFC assessment. Plaintiff's argument, however, is based on a misunderstanding of the ALJ's opinion.

At step two of the sequential disability analysis articulated above, the ALJ must determine whether the claimant suffers from a severe impairment. As part of determining whether Plaintiff experienced any severe non-exertional impairments, the ALJ considered Plaintiff's limitations vis-à-vis the "broad areas of

mental functioning" articulated in the Listing of Impairments (a.k.a. the "paragraph B" criteria). (PageID.26). The four areas in question are: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. (PageID.26-27). The ALJ found that because Plaintiff experienced only "mild" limitations in each of these four areas his mental impairments were not severe. (PageID.26-27; 20 C.F.R. § 404.1520a(d)(1)).

Plaintiff argues that, because the ALJ found that he experienced mild limitations in several areas of mental functioning, it was error to exclude from his RFC any non-exertional limitations. The ALJ, however, clearly stated that "[t]he limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process." (PageID.27). As the ALJ further noted, "[t]he mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment." (*Id.*). As Defendant correctly notes, the distinction articulated by the ALJ is consistent with the relevant regulations and recognized by the Sixth Circuit. *See, e.g., Wood v. Commissioner of Social Security*, 2020 WL 618536 at *3 (6th Cir., Jan. 31, 2020) (it is not error for an ALJ to exclude from his RFC assessment limitations identified at step 2 of the sequential analysis); *see also*, *Wright v. Commissioner of Social Security*, 2021 WL 1085002 at *7 (W.D. Mich., Mar. 22, 2021) (same).

Moreover, the evidence does not support the argument that Plaintiff experiences any non-exertional limitations. Treatment notes dated March 13, 2020, indicate that Plaintiff possesses "good" ability in the following areas: (1) following instructions; (2) concentration; (3) maintaining motivation; (4) communication; (5) making decisions; (6) controlling frustration; and (7) solving problems. (PageID.295).

On December 28, 2020, Plaintiff participated in a consultive psychiatric examination. (PageID.339-43). Plaintiff reported that he gets along "great" with family and "pretty good" with friends. (PageID.340). The examiner noted that Plaintiff was "pleasant and cooperative." (PageID.340). Plaintiff described participating in a variety of activities, including household chores and a motorcycle club, without difficulty. (PageID.341). The results of a mental status examination were unremarkable. (PageID.341). The examiner concluded that he had "no concerns regarding [Plaintiff's] ability to understand, remember, or apply information." (PageID.343). The examiner also noted that Plaintiff "may have some mild problems with concentration, persistence, and pace as well as some mild to moderate problems with social interaction skills. . .[and] may have some difficulty adapting to changes in the world around him." (PageID.343).

The ALJ found the examiner's findings only "partially persuasive," however. (PageID.30). Specifically, the ALJ noted that the results of the examination, as well as the "longitudinal evidence of record, which shows [Plaintiff] to be negative for

psychological symptoms," failed to support the inclusion of any non-exertional limitations in Plaintiff's RFC. This conclusion is supported by substantial evidence.

The ALJ is tasked with determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). While the ALJ may not "play doctor" and substitute his own opinion for that of a medical professional, the ALJ is not required to tailor his RFC assessment to any particular opinion or item of medical evidence. *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009). Instead, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004). This is precisely what the ALJ in this matter did and the ALJ's RFC assessment is supported by substantial evidence. To the extent Plaintiff argues that the ALJ should have weighed and evaluated the evidence differently, such is not grounds for relief, however. Accordingly, this argument is rejected.

**CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: November 29, 2023

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge